**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERNATIONAL MARKETING CORPORATION;<br><br>Plaintiffs,<br><br>v.<br><br>BROOKSTONE COMPANY, INC.;<br><br>Defendants. | **CIVIL ACTION NO.: ________________**<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## COMPLAINT

COMES NOW the Plaintiff, International Marketing Corporation (hereinafter "IMC"), and for its cause of action against Defendant, Brookstone Company, Incorporated (hereinafter "Brookstone"), for patent infringement, IMC alleges:

## PARTIES AND JURISDICTION

1. IMC is a corporation formed under the laws of New Jersey having its principal place of business at 11 Jamie Drive, Sewell, New Jersey 08080 within this district.

2. Upon information and belief, Brookstone is a New Hampshire corporation having a principal place of business at One Innovation Way, Merrimack, New Hampshire 03054.

3. Commencing in 2011, Brookstone distributed throughout the United States electric candles sourced from IMC bearing the trademark SLANT, said electric candles covered by US Patent No. D646,813. At some point thereafter, Brookstone ceased sourcing the SLANT electric candles from IMC.

4. Commencing in 2011, Brookstone distributed throughout the United States electric candles sourced from IMC bearing the trademark WILLIAMSBURG, said electric candles

covered by US Patent No. D621,078. At some point thereafter, Brookstone ceased sourcing the WILLIAMSBURG electric candles from IMC.

5. Upon information and belief, Brookstone sells and has sold within this district electric window candles in their advertising and associated packaging under the names "Slant" and "Williamsburg", those electric candles having been sourced other than from IMC.

6. This is a complaint for infringement of U.S. Patent No. D646,813 (hereinafter "the '813 Patent") and U.S. Patent No. D621,078 (hereinafter "the '078 Patent") under 35 U.S.C. §271. This is also a complaint for common law trademark infringement of IMC's trademark "SLANT" as used on or associated with electric window candles and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

7. The Court has original and exclusive jurisdiction over the subject matter of the complaint under 28 U.S.C. §§ 1331, 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400(a).

8. This Court has personal jurisdiction over Brookstone by virtue of, *inter alia*, Brookstone's systematic and continuous contacts with New Jersey, including, on information and belief, sales of electric window candles (including the accused products) through more than one dozen brick-and-mortar stores in New Jersey and its catalog and Internet presence to New Jersey citizens, and service of the New Jersey market through the intended, regular, and anticipated flow of such products from manufacture to distribution in New Jersey.

## GENERAL ALLEGATIONS

9. IMC is in the business of designing, manufacturing, importing, distributing and selling electric candles for the past twenty seven (27) years. IMC designed new electric window

candles and sells the candles under the trademarks Slant and Williamsburg in this district and throughout the United States.

10. IMC's owner conceived of and reduced to practice new designs for electric window candles. As a result of IMC's innovative efforts, IMC applied for and obtained U.S. Patent No. D646,813 ("the '813 Patent) and U.S. Patent No. D621,078 ("the '078 Patent"). (A copy of the '813 Patent and the '078 Patent are attached hereto as Exhibits 1 and 2, respectively, which are incorporated herein by reference).

11. The '813 Patent was filed on January 21, 2011 and issued on October 11, 2011. The '078 Patent was filed on May 6, 2009 and issued on August 3, 2010.

12. The inventor of the '813 Patent and the '078 Patent is Andrew Boschetto, who is the founder and President of IMC.

13. The '813 Patent and '078 Patent are presumed valid by virtue of 35 U.S.C. § 282.

14. The '813 Patent and the '078 Patent are still in full force and effect.

15. Plaintiff IMC is the owner of the '813 Patent and the '078 Patent by virtue of assignments from the inventor to IMC which are recorded at the U.S. Patent and Trademark Office.

16. Brookstone imports, sells, has sold and/or has offered to sell throughout the United States and within this judicial district, electric window candles infringing the '813 Patent and the '078 Patent.

17. On information and belief Brookstone imports the infringing electric window candles from China and markets them under IMC's trademarks Slant and Williamsburg. Brookstone sells electric window candles in packaging bearing the names Slant and Williamsburg.

18. IMC has given Brookstone actual notice of the ‘813 Patent and the ‘078 Patent.

## COUNT I

## Patent Infringement of the ‘813 Patent

19. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 19.

20. IMC is the owner of the ‘813 patent.

21. Defendant imports, sells, distributes, and offers for sale within this judicial district electric window candles covered by the ‘813 patent.

22. Defendant has infringed upon the ‘813 Patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing electric window candles which infringe the ‘813 Patent, all to the damage and injury of the Plaintiff IMC.

23. Defendant has sold and offered for sale electric window candles that infringe the ‘813 patent after constructive notice of the ‘813 patent and upon information and belief continues to sell the accused infringement candles after having actual notice of the infringement.

24. Defendant sells and has sold the infringing electric window candles within the United States without license from the Plaintiff.

25. Upon information and belief Defendant’s actions were willful and in direct disregard of Plaintiff’s patent rights.

26. Plaintiff IMC has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant for its infringement of the ‘813 Patent.

**COUNT II**

**Patent Infringement of the '078 Patent**

27. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 27.

28. IMC is the owner of the '078 patent.

29. The Defendant imports, sells, distributes, and offers for sale within this judicial district electric window candles covered by the '078 patent.

30. Defendant has infringed the '078 Patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing electric window candles which infringe the '078 Patent, all to the damage and injury of the Plaintiff IMC.

31. Defendant has sold and offered for sale electric window candles that infringe the '078 patent after constructive notice of the '078 patent and upon information and belief continues to sell the accused electric window candles after having actual notice of the infringement.

32. Defendant sells and has sold the infringing electric window candles throughout the United States without license from the Plaintiff.

33. Upon information and belief Defendant's actions were willful and in direct disregard of Plaintiff's patent rights.

34. Plaintiff IMC has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant for its infringement of the '078 Patent.

## COUNT III

**Violation of Section 43(a) of the Lanham Act (15 U.S.C. 1125(a))**

35. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 35.

36. Plaintiff is the owner of the trademark SLANT™ as used on or in association with electric candles.

37. Exhibits 3 and 4 are photographs of Defendant's packaging of the accused electric candles, the packaging bearing the designation SLANT, which is indicated as being the "Item Name".

38. Defendant's misconduct as described herein, including but not limited to its infringing activities, constitutes false designation of origin and unfair competition, and is likely to cause confusion, mistake, and/or deception among the consuming public.

39. Consumers are likely to erroneously believe that electric candles marketed by Defendant under the designation "SLANT" originate with, are licensed by, sponsored by, connected with, or otherwise associated with goods that originate from Plaintiff. Alternatively, consumers likely to erroneously believe that Plaintiff's use of the SLANT mark in connection with Plaintiff's goods originated from or are licensed or sponsored by Defendant. Accordingly, Defendant's aforesaid use of the "SLANT" mark, and any other mark or marks of Defendant that are reproductions, counterfeits, copies, or colorable imitations of or incorporate the SLANT mark falsely represent Defendant's goods as being legitimately connected with the goods and source of Plaintiff's goods, thereby placing Plaintiff's reputation and goodwill beyond its own control. Defendant's conduct constitutes an attempt to trade on the goodwill that Plaintiff has developed in the SLANT mark.

40. Defendant has been and continues to engage in its misconduct with full knowledge of or at least willful and reckless disregard for Plaintiff's exclusive rights in the Slant mark and knowing that the Slant mark is associated exclusively with Plaintiff's designated goods.

41. On information and belief, Defendant has been aware of Plaintiff's SLANT mark prior to commencing use of the infringing mark.

42. In view of Defendant's knowledge of Plaintiff's mark, Defendant's infringing activities and other misconduct were and remain willful and intentional.

43. Defendants infringing activities and other misconduct are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Unless enjoined and restrained by this Court, Defendant will continue to engage in such infringing activities and other misconduct, irreparably harm and immediately injure Plaintiff, and deceive the public. Plaintiff has no adequate remedy at law.

## COUNT IV

## Trademark Infringement Under New Jersey Common Law

45. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 45.

46. IMC owns all right, title and interest in and to the SLANT trademark as applied to or used in association with electric window candles.

47. Defendant has been and continues to infringe Plaintiff's SLANT trademark in New Jersey and elsewhere in the United States by manufacturing, importing, advertising, distributing, selling, and offering to sell goods that are identical or closely related to Plaintiff's goods marketed under its SLANT mark, using the confusingly similar "SLANT" mark (hereinafter "Defendant's infringing activities").

48. Defendant’s infringing activities have not been approved, authorized, or otherwise consented to by Plaintiff.

49. Defendant’s infringing activities have caused, are likely to cause, and are causing confusion, mistake, and/or deception on the part of consumers regarding origin and quality of Defendant’s goods promoted under the mark Slant.

50. Defendant’s infringing activities have caused, are likely to cause, and are causing confusion, mistake, and/or deception on the part consumers regarding the association (or lack thereof) of Defendant to Plaintiff, or as to the origin, sponsorship or approval of Defendant’s goods by Plaintiff.

51. Defendant’s infringing activities misrepresent the nature, characteristics, qualities and origin of Defendant's goods.

52. Defendant’s infringing activities have caused and are continuing to cause damage to Plaintiff in an amount which is difficult to quantify.

53. Defendant’s activities have caused, and continue to cause, irreparable harm to Plaintiff and Plaintiff’s goodwill and reputation.

54. Defendant’s infringing activities constitute common law infringement of Plaintiff’s SLANT trademark.

55. Defendant has been and continues to infringe Plaintiff’s trademark rights with full knowledge of or at least willful and reckless disregard for Plaintiff’s common law rights and knowing that the SLANT mark is associated exclusively with Plaintiff and designates goods of Plaintiff.

56. Defendant's conduct is intentional, willful, wanton, fraudulent, and malicious, and is undertaken with intent to reap benefit of Plaintiff's goodwill and fame and notoriety of its SLANT trademark.

57. Unless enjoined and restrained by this Court, Defendant will continue to engage in such infringing activities, irreparably harm and immediately injure Plaintiff, and deceive the public. Plaintiff has no adequate remedy at law in that Defendant will continue its infringing activities, as alleged above.

**COUNT V**

**(Unfair Competition, N.J.S.A. § 56:4-1)**

58. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 58.

59. Defendant's appropriation and actual use in connection with counterfeit goods of the SLANT trademark and the goodwill and reputation associated therewith and attached thereto constitute unfair competition in violation of N.J.S.A. 56:4-1, *et seq*.

60. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to IMC if not enjoined by this Court.

61. Plaintiff has no adequate remedy at law.

**COUNT VI**

**(Unfair Competition Under the Common Law)**

62. Paragraphs 1 through 18 are adopted and incorporated herein by reference as is fully set out in this paragraph 62.

63. The actions of Defendant as alleged above were done deliberately and intentionally.

64. The actions of Defendant as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of the window candles they sold, in violation of the common law of unfair competition of the State of New Jersey.

65. The actions of Defendant as alleged above constitute misappropriation of the goodwill of IMC and unfair competition, in violation of the common law of unfair competition of the State of New Jersey.

66. The actions of Defendant as alleged above were committed with the intention of passing off or palming off their products as if such products were those of IMC, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of New Jersey.

67. Defendant's actions as alleged herein have caused and will continue to cause irreparable damage and injury to IMC if not enjoined by this Court.

68. IMC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IMC prays that judgment be entered by this Court in its favor and against the Defendant Brookstone providing the following relief:

A. That Defendant, its agents, affiliates, subsidiaries, servants, employees and attorneys and those persons in active concert with or controlled by them be permanently enjoined from:

1. Making, using and selling products which infringe the '813 or '078 Patents;

2. Further acts of infringement of the SLANT trademark;

3. Imitating, copying, duplicating, using, reproducing, registering, attempting to register and/or displaying any mark incorporating or so resembling Plaintiff's SLANT trademark as to be likely to cause confusion, mistake and/or deception therewith;

4. Using any unauthorized copy or colorable imitation of any mark of Plaintiff in such fashion as is likely to relate or connect Defendant with Plaintiff, or vice versa;

5. Using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception or mistake in the marketplace with regard to any mark of Plaintiff on goods identical or closely related to Plaintiff's goods; and

6. Causing likelihood of confusion to any member of the purchasing public;

B. That Defendant be required to account to Plaintiff for Plaintiff's lost profits and for all damages sustained by and entitled to Plaintiff by reason of the infringement of the '813 and/or 078 Patents (35 U.S.C. § 284);

C. That Defendant be liable to Plaintiff for its total profit pursuant to 35 U.S.C. § 289.

D. That judgment be entered against Defendant for Plaintiff's damages in an amount to be determined at trial, and for prejudgment interest based upon infringement damages accruing from the date of Defendant's acts of infringement;

E. That a determination be made that Defendant Brookstone's actions were willful in disregard to Plaintiff's rights and be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorney fees (35 U.S.C. § 285), and that damages be trebled;

F. An order directing Defendant to deliver to IMC for immediate destruction all remaining infringing electric window candles, advertisements, circulars, brochures or other promotional or advertising items, web site or other materials for its infringing electric window candles (15 U.S.C. § 1118);

G. That Defendant be required to account to Plaintiff for Plaintiff's lost profits and for all damages sustained by and entitled to Plaintiff by reason of the infringement of the SLANT trademark (15 U.S.C. §§ 1114, 1117);

H. IMC also seeks such other and further relief as may be proper and just.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: March 1, 2013

**_s/ Robert G. Shepherd_**
Robert G. Shepherd (RS5946)
PORZIO, BROMBERG & NEWMAN, P.C.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Telephone: (609) 924-8555
Facsimile: (609) 924-3036

BERENATO & WHITE, LLC
Joseph W. Berenato, III
Matthew W. Stavish
Berenato & White, LLC
6550 Rock Spring Drive, Ste. 240
Bethesda, Maryland 20817
Phone: (301) 896-0600
Fax: (301) 896-0607
jberenato@bw-iplaw.com

*Attorneys for Plaintiff*
*International Marketing Corporation*

**VERIFICATION**

I, Andrew Boschetto, of full age, declare and state that:

1. I am President of International Marketing Corporation, which is the plaintiff in this action.

2. I have read the foregoing Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Complaint are true based on my personal knowledge, the records of International Marketing Corporation, records of the United States Patent & Trademark Office, or information available through employees or representatives of International Marketing Corporation.

A Boschetto

Andrew Boschetto



Mar 01 13 11:30a Andrew Boschetto 8568458447 p.1